COST *v.* FIDLER.

Opinion delivered July 5, 1915.

NEGLIGENCE—PERSONAL INJURY—ELECTRIC FAN—CONTRIBUTORY NEGLIGENCE.—Plaintiff, a visitor in defendant's pool hall, sustained injuries to his hand, when, while sitting before an electric fan to cool himself, he raised his hand to stretch himself, and striking the fan sustained the injury complained of. *Held*, although defendant was negligent in maintaining the fan unguarded, that plaintiff's contributory negligence in placing his hand against the fan which he knew to be unguarded would bar a recovery.

Appeal from Craighead Circuit Court, Jonesboro District; *J. F. Gautney*, Judge; reversed.

STATEMENT BY THE COURT.

This suit was instituted by appellee against appellants to recover damages alleged to have been sustained by him through the negligence of the appellants in operating an electric fan without having the same protected by a guard. The appellee alleged, in substance, that the appellants were operating six electric fans in their pool hall, into which they invited the public; that he, upon the invitation of the appellants, entered the pool hall and became a patron thereof, and that while using ordinary care for his safety, he was severely injured by coming in contact with the unguarded fan which was being used by appellants to cool the atmosphere for the comfort of their patrons in their pool hall.

The appellants denied the allegations of negligence and injury, and set up, by way of affirmative defense, that if the appellee was injured, his own negligence contributed to his injury, and that he also assumed the risk.

The appellee himself testified that on the day of the injury he went into the pool hall of appellants and played one game of pool; that there were six electric fans on the wall, about five or five and a half feet from the floor, arranged three on each side, facing each other; that they were known as "16" fans, which had been installed about a week before. They were all kept running when he noticed them. After playing one game opposite the fan by which he was injured, he sat down in a chair which was about thirty inches high, and talked with the party he had been playing with, the chairs being arranged along the wall and the fan was to the right of the one he sat in; that it was a very hot day, and he put his hand up to stretch like a man naturally would, and laid his hand on the fan, after which the fan was stopped; that the fan was without a guard; that the blades struck his wrist, causing the injury; that it would have been impossible for him to have been hurt had there been a guard on the fan.

On cross-examination he stated that he "guessed he noticed the guard was off of the fan the day before the day of the injury." There was no guard on the fan at

the time it was put in; that at the time he sat down on the day of the injury, he knew there was no guard, but was not thinking about it. He didn't know whether he stopped and cooled off before the fan or not before he sat down.

Several witnesses testified on behalf of the appellants that the appellee, on the day of the injury and prior thereto, stood in front of this fan and cooled himself off; that the guard was off of the fan. It was shown that appellant M. A. Cost had given directions for no one to use the fan, as it had the guard off. The appellant testified that the fan had no guard on it because there was a screw loose on the guard when he put it there, and he had the electrician take it off; that appellee knew that this guard was taken off; that he would go to that fan and start it himself and that he (appellant) would go and cut it out. He noticed appellee at different times pull his chair out in front of the fan and cool himself off prior to the day of the injury. He did not see the appellee start the fan that day, but saw him standing in front of it cooling himself off just before the injury.

The appellants moved the court to instruct the jury to return a verdict in their favor, which motion was by the court overruled, and to which appellants duly excepted and made this ruling of the court one of their grounds in the motion for a new trial. The verdict and judgment were in favor of the appellee in the sum of $100, and this appeal has been duly prosecuted.

*W. P. Smith,* for appellants.

No one is liable for an injury caused by negligence when the plaintiff, by his own negligence, contributed to the injury, unless it was a wilful injury, or one resulting from the want of ordinary care on the part of the company or person to avert it after the negligence has been discovered. 95 Ark. 192; 36 *Id.* 71; 45 *Id.* 250; 47 *Id.* 497; 77 *Id.* 401-4; 81 *Id.* 522-525. The burden is upon defendant to show contributory negligence unless it appears from the plaintiff's evidence. 101 Ark. 429. The legal sufficiency of the evidence is one for the court. 97 Ark. 442.

Appellee *pro se.*

Where one expressly, or by implication, invites others to come upon his premises for business or any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger and must render the place reasonably safe for the visit. Cooley on Torts (2 ed.), 1 L. R. A. (N. S.) 427, and note; 3 *Id.* 1134 and note and 982; 94 Am. St. 488; Whittaker-Smith, Neg., 10, 215. Where there is uncertainty of negligence or contributory negligence, the question is one of fact for the jury. 100 Ark. 55; 68 *Id.* 291; 29 Cyc. 631-7, 640 B.

WOOD, J., (after stating the facts). Conceding that the appellants were negligent in maintaining the fan in their pool room in its unguarded condition, the uncontroverted testimony of the appellee himself and the other witnesses shows that the appellee negligently placed his hand against the fan which he knew to be without any guard. He therefore negligently contributed to his own hurt, and the court erred in not so instructing the jury. The judgment is therefore reversed and the cause is dismissed.